1  HABERBUSH, LLP
   DAVID R. HABERBUSH, ESQ., SBN 107190
2  VANESSA M. HABERBUSH, ESQ., SBN 287044
   LANE K. BOGARD, ESQ., SBN 306972
3  444 West Ocean Boulevard, Suite 1400
   Long Beach, CA 90802
4  Telephone: (562) 435-3456
   Facsimile: (562) 435-6335
5  E-mail: vhaberbush@lbinsolvency.com

6  Proposed attorneys for Debtor and Debtor-in-Possession

7  **UNITED STATES BANKRUPTCY COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

9  In re                                          Case No. 9:25-bk-10314-RC

10 Santa Paula Hay & Grain and Ranches,           **Chapter 11**

11              Debtor and Debtor-in-Possession.  **SUPPLEMENTAL STATUS REPORT RE**
12                                                 **STATUS OF COMPLIANCE IN**
                                                   **CONFORMITY WITH THE COURT'S**
13                                                 **SCHEDULING ORDER AFTER CHAPTER**
                                                   **11 STATUS CONFERENCE;**
14                                                 **DECLARATIONS OF GUADALUPE A.**
                                                   **GUZMAN AND VANESSA M.**
15                                                 **HABERBUSH IN SUPPORT**

16                                                 **Status Conference Hearing**
                                                   Date:   May 27, 2025
17                                                 Time:   10:00 a.m.
                                                   Ctrm:   5D

18

19      Santa Paula Hay & Grain and Ranches, debtor and debtor-in-possession ("Debtor"), hereby

20 provides a further status report in compliance with this Court's Scheduling Order after Chapter 11 Status

21 Conference [Docket Number 22] (the "Order").

22      Debtor is pleased to inform the Court that it has made further substantial progress in its

23 bankruptcy case and can fully report to this Court as required by the Order. Debtor only reports on new

24 developments or information from the filing of the last Status Report.

25 **I.    STATUS OF RETURN OF RETAINER AND DEBTOR'S EFFORTS TO COMPLY**

26       **WITH THE ORDER**

27      This Court's Order stated:

28      No later than May 8, 2025, Debtor's prior counsel, Reed Olmstead, is ordered to return

*(sidebar, left margin)* HABERBUSH, LLP / ATTORNEYS AT LAW / 444 WEST OCEAN BOULEVARD, SUITE 1400 / LONG BEACH, CA 90802

1    to the Debtor all of the retainer he has on-hand that he received for representing Debtor
in the above-captioned case. Reed Olmstead may make such payment to Debtor's current
2    counsel, Haberbush, LLP, who shall hold such payment in its trust account pending
further order of the Court.
3

4    Order, page 1.

5        Since current counsel has been retained as counsel, Mr. Olmstead has not communicated once

6    with Debtor's counsel until May 15, 2025, by email, just to indicate he would provide something

7    "ASAP." To date, Mr. Olmstead has not returned the retainer nor provided an accounting of the retainer.

8    Instead, Mr. Olmstead has done nothing.  As detailed in the last Status Report, Debtor's current counsel

9    has reached out to Mr. Olmstead several times, but received only one response.

10        Debtor's current counsel contacted Mr. Olmstead again on May 22, 2025, but has had no

11    response except for the one communication on May 15, 2025.

12        While Debtor and current counsel were hoping to have more substantive motions on file by this

13    time, due to the number of things Mr. Olmstead had not done, time has not been sufficient to do so.

14    However, Debtor has a plan for this case, is making significant strides toward that plan, and will

15    continue to make strides toward that plan. This is detailed below.

16    **II.    CURRENT STATUS OF CASE**

17        Debtor and Debtor's counsel have been working diligently to progress this bankruptcy case and

18    obtain all necessary information for it. This has been a very time-consuming and extensive process.

19    What has become increasingly apparent is that Mr. Olmstead did practically nothing necessary to

20    correctly posture this case, even though Debtor had sent communications to Mr. Olmstead with much

21    of the information now being complied and produced. Debtor and its current counsel will continue to

22    work to bring this case into compliance. Debtor notes that it is bringing this case to compliance quickly

23    and far more quickly than would be possible with a Chapter 11 trustee. As indicated in the prior Status

24    Report, Debtor asks the Court for additional time to continue to bring this case where it should have

25    been when it was filed.

26    **III.    DEBTOR'S BUSINESS AND OPERATIONS**

27        Debtor is continuing to operate its business as normal, except it is not using cash collateral, as

28    detailed below.

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

## IV.    ASSETS AND CURRENT BUSINESS OPERATIONS

### A.    Status of Crops and Cattle

As detailed in Debtor's Status Report as of May 9, 2025 and Status Report as of May 16, 2025, Debtor again informs the Court that it is actively ensuring that its crops and cattle are properly maintained and cared for. This has not changed. Debtor has and will continue to maintain these living animals and plans.

### B.    Utilities

Since the filing of the last Status Report, Debtor recognizes that it incorrectly indicated that it had no utility claims in this case. Debtor was focusing primarily on the utility claim of Southern California Edison and has since reviewed all of its utilities. Debtor has several different utilities in its name, as well as some in the name of Guadalupe A. Guzman, Jr. ("Lupe Jr.") and other partners of Debtor. Because all of these utilities are for the benefit of Debtor, Debtor currently anticipates treating these as claims against Debtor. Further, Debtor will continue paying the utility bills for post-petition services (assuming Debtor has authority to use cash collateral or funds are available that are not cash collateral) because such utilities are benefitting property of the estate and are necessary expenses to ensure the property of the estate is protected.

As indicated in the Status Report dated May 16, 2025, Southern California Edison has a claim against Lupe Jr. for approximately $1,200,000. The entirety of this claim relates to the electricity usage related to certain of Debtor's Real Properties (defined hereinbelow).  Due to the large bill that was unpaid, Southern California Edison cut off the power. Since that time, Debtor has been utilizing generators to create the electricity necessary to maintain the Real Properties. Debtor has compared the cost of using the generators, including the fuel and labor costs, with the cost of buying electricity from Southern California Edison and the cost is comparable. For the Court's reference, Debtor was paying approximately $18,000 per month to Southern California Edison for electricity costs to service the Real Properties subject to this claim. Now, Debtor is using generators. Debtor has compared the cost of using electricity from Southern California Edison and using generators. This cost is as follows:

Diesel Generator runs 24 hours as day for 24 days out of 30 in a month.

Fuel consumption is 125 gallons of red dye diesel per day, resulting in 3,000 gallons of fuel used

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    per month.

2        The price per gallon of diesel is $3.50.

3        Total cost per month is $10,500.

4    Debtor's Partners fill the and service the diesel generators such that there is no additional cost

5    to the estate for these services.

6    Therefore, for the foreseeable future, Debtor intends to continue utilizing the generators for

7    electricity in relation to these particular Real Properties. As demonstrated above, the use of the

8    generators benefits the estate and is more cost-effective than buying electricity from Southern California

9    Edison.

10    For the remainder of the utilities, Debtor is determining whether deposits are necessary and

11    determining how to pay such deposits. Debtor anticipates proposing to offer one months' average utility

12    cost to each utility provider as adequate assurance of payment, but will bring a motion to this effect in

13    the near future. This likely will need to be negotiated on a case-by-case basis.

14    **V.    PAYMENT OF PRE-PETITION DEBTS**

15    In addition to the payment of pre-petition payroll, as indicated in Debtor's prior Status Report,

16    Debtor also made a number of payments on pre-petition debt without Court authority. Since the filing

17    of the last Status Report, Debtor notes that it inadvertently only included such payments for the month

18    of March, 2025, since the books and records had not yet been completed for April at the time the Status

19    Report was filed. An updated schedule of the pre-petition debts Debtor paid are attached hereto and

20    incorporated herein, by this reference, as Exhibit "A" from the Petition Date to May 23, 2025.

21    Debtor did not know that it was not allowed to pay pre-petition debts until it retained new

22    counsel. Many of these payments were made before the Bankruptcy was filed, but creditors did not cash

23    the checks until after the Petition Date. This is because, upon filing its second Chapter 11 Case, Debtor

24    acted to open new debtor-in-possession bank accounts and close its old ones. The bank did not close the

25    existing debtor-in-possession bank accounts for the First Chapter 11 Bankruptcy Case; instead, the bank

26    changed the identities of the bank accounts to reflect the Second Chapter 11 case number. Debtor's

27    Partners, not knowing of the exact bankruptcy requirements, did not know or understand what had

28    occurred to have been incorrect. Since the error in the new bank accounts was not recognized until

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  Debtor obtained new counsel, the requirement to close the old debtor-in-possession accounts and open

2  new ones to ensure that no old checks are cashed is moot. Debtor intends to use the current bank

3  accounts since they comply with the U.S. Trustee's requirements.

4  Debtor is currently investigating these payments of pre-petition claims and may either seek

5  reimbursement of these expenses from the parties paid, seek retroactive authority to make such

6  payments, have such payments reimbursed by the Partners or other third parties, or resolve these

7  payments through their treatment in a plan. Debtor currently believes, subject to verification, that each

8  of these payments was made as they became due and all arose after its first bankruptcy was dismissed

9  and might be dealt with in a chapter 11 plan.  A demand for repayment may be sent to certain creditors.

10  A cost-benefit analysis will be done before Debtor takes further action in relation to these payments.

11  **VI.    PAYMENTS TO INSIDERS AND CPA POST-PETITION**

12  As indicated in Debtor's prior Status Report, Debtor has also recognized that it made a number

13  of payments to its insiders without approval. After this Bankruptcy Case was filed, Debtor made certain

14  payments to one of its insiders, Guadeloupe J. Guzman ("Lupe Sr."). These payments were as follows:

15  (1) payment of $6,550.75 on March 17, 2025; (2) payment of $341.81 on March 31, 2025; (3) payment

16  of $6,550.75 on April 9, 2025; and (4) payment of $6,550.75. All of these payments were made on the

17  advice of prior counsel. Debtor did not know that it was not permitted to pay insiders, nor that a notice

18  of insider compensation form was required.  On or about May 8, 2025, Lupe Sr. returned these payments

19  to Debtor. Attached as Exhibit "B" is the deposit showing Lupe Sr.'s return of three of these payments

20  in the amount of $19,625. Attached as Exhibit "C" is the deposit showing Lupe Sr.'s return of the

21  reimbursement of expenses in the amount of $341.81.  These payments were made from Lupe Sr.'s

22  personal funds.

23  Further, as indicated in the prior Status Report, due to advice of prior counsel (or lack thereof),

24  Debtor has been paying the bills of Bean Hunt Harris & Company without authority to do so. Debtor

25  paid Bean Hunt Harris & Company $3,925 for pre-bankruptcy accounting services.  Bean Hunt Harris

26  & Company has since returned that payment to Debtor. Attached as Exhibit "D" is a deposit showing

27  the return of $3,925 on May 20, 2025.

28  To the extent Debtor will seek to pay insiders any funds, it will seek approval to do so by serving

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1   the appropriate notice of setting insider compensation forms.

2   **VII.    EMPLOYMENT OF PROFESSIONALS**

3          Since the filing of the Bankruptcy, no applications to employ were filed. Debtor's current

4   counsel has been retained less than three weeks ago. Debtor's counsel will promptly file an application

5   to employ its firm well within the 30 day requirement of retention. This application to employ has been

6   further delayed by the fact that Mr. Olmstead has not provided the retainer to current counsel or

7   provided an indication of whether such retainer would be provided or in what amount.

8          As indicated in the prior Status Report, Debtor must employ a number of other professionals.

9   Debtor is also examining how to proceed with selling the Real Properties that are not held in the name

10  of Debtor, but held in the name of third parties, such as Debtor's Partners. For full disclosure, Debtor

11  will likely file applications to employ such professionals and seek to sell the Real Properties through

12  a motion to sell in this Court since Debtor has an equitable interest claimed in all such Real Properties.

13  **VIII.    REAL PROPERTIES**

14         Debtor and the Partners own a variety of real properties in Ventura, Kern, Riverside, and Tulare

15  counties. These real properties (collectively, the "Properties" and/or "Real Properties") are described

16  hereinbelow. There are 35 Properties and each is unique, but they also have a number of similarities.

17  Debtor does not repeat the preamble to describe the Properties generally that was provided in the prior

18  Status Report.

19         Debtor now provides additional information related to each Property related to its annual

20  profitability and related to the net equity in the Properties. The charts below contain the same

21  information as provided in the last status report except to include information relating to annual

22  profitability. These additions are noted with "*." Further, attached hereto as Exhibit "E," are projections

23  for each of the Properties, on a yearly basis, so that the Court can see the profitability of each of the

24  Properties. The chart below summarizes these projections. These projections are for all future months

25  and make assumptions about the profitability of each Property based on what Debtor believes will be

26  its profitability in the future. Debtor notes that some of the Properties are projected to be less profitable

27  next year than the profitability they are currently showing due to less water going to the Properties and

28  the crop yield (and ability to harvest the crops) being limited.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    Below, in list format, is a list of each loan. Under each loan is a chart detailing each Property

2    secured by that loan.

3    **A.    Zions Loan Secured by Upper Ojai, Maricopa Ranch, Ranch 2, and Ranch 3 (the**

4    **"Zions Loan 1")**

5    Zions[1] holds two cross-collateralized loans against four of Debtor's Properties. These loans are

6    in the amount of $3,046,105 and $1,994,000 pursuant to the most recently received loan statements

7    received by Debtor.

8    As set forth below the four Properties securing Zions Loan 1 have a total value of $9,370,000

9    and the equity in the Properties is $4,200,052.22.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Upper Ojai" 12400 Ojai Santa Paula Street APN - 037-0-080-345 & 037-0-020-195 & 037-0-012-415 | VTA Tax Collector $51,929.13 | $3,500,000 (from broker) | None | Property titled in the name of Lupe Sr. and Ofelia. 214 acres. Currently fallow due to loss from fire. Previously contained 100 acres contain lemon and mandarin trees, a home, large reservoir, two water wells, and 1-1/2 miles of concrete road. Ranch and Orchard burned on December 4, 2017. There is currently a lawsuit pending against Southern California Edison for over $20,000,000 for damages and loss of revenue. Debtor believes the loan on Upper Ojai may be in the name of Guzman Sr. and Ofelia. *Property has a negative annual cash flow of $160,573. Property has no profitable months. Property does not generate income. |

---

[1]    "Zions" refers to ZB, N.A. dba Zions First National Bank ("Zions"), which services a number of loans. Debtor's counsel has not yet determined the lender on the loans serviced by Zions. Based on the information currently available, Debtor refers to these loans as held by Zions.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| "Maricopa Ranch"<br><br>Basic School Rd.<br><br>APN-220-231-08-00-2 | Kern Tax Collector<br><br>$36,176.73 | $2,800,000<br><br>(from broker) | Yes | Property titled in the name of Debtor.<br><br>Maricopa is a lemon ranch. Debtor maintains Maricopa.<br><br>Maricopa is generating income from lemons. This is detailed in Exhibit "F," discussed below in relation to cash collateral.<br><br>*The annual profit is $24,661.<br>The Profitable months are October-January.<br>The non-profitable months February. through September have average monthly losses of approximately $40,000 per month. |
| "Ranch 2"<br><br>Off of Ave. 2 Tulare<br><br>APN-342-080-019 & 342-080-023 | Kern Tax Collector<br><br>$13,702.39 | $160,000 for Ducor<br><br>$160,000 for Ranch<br><br>(from broker) | None | Property titled in the name of Debtor.<br><br>Ranch 2 was 80 acres of oranges, but is now fallow. Water well broke in October 2023 and has not been repaired. Pleasant View Water Company Ranch owns 20% of water. Eastern Tule Water Assessment filed a lien for water Debtor used on land 2022-2023.<br><br>Property is not generating any income.<br><br>*Property has an annual negative cash flow of $83,604.<br>There are no profitable months and the monthly loss is $6,967. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| "Ranch 3" 35198 Hart Ave Delano APN - 051-110-31 | Kern Tax Collector $28,034.53 | $2,750,000 (from broker) | Yes | Property titled in the name of Debtor. Ranch 3 is 120 acres of oranges & lemons. Water well is broken. Debtor retains the water rights, but service for the water rights is provided by the Kern Tulare Water District. Debtor built new metal equipment storage building, consisting of 8,000 square feet and a new residence. The storage building contains Debtor's equipment. Debtor has dispute with Kern Tulare Water District due to the deaths of 200 dying trees when the Kern Tulare Water District put a new waterline through the Property. Kern Tulare Water District also took over one acre of land for its own use without purchasing or invoking imminent domain. Property generates income from lemons and oranges. This is detailed in Exhibit "F," discussed below in relation to cash collateral. Debtor maintains the Property. *This Property has annual losses of $130,853. The Property has profitable months of February - May at an average of $36,000 per month. The Property's non-profitable months have losses ranging from $21,500 to $45,569. |
|---|---|---|---|---|

**B.    Zions Loan Secured by Ave. 2 Ranch and Ranch 66 (the "Zions Loan 2")**

Zions holds one cross-collateralized loan against two of Debtor's Properties. This loan is in the amount of $1,625,402.86 pursuant to the most recently received loan statements received by Debtor. As set forth below, there is no equity or value in the Ave. 2 Ranch and Ranch 66. Debtor intends to sell or abandon these Properties by July.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Ave 2 Ranch"<br><br>Off of Ave. 2 Tulare<br><br>APN - 342-080-020 & 342-080-024 | Kern Tax Collector<br><br>$11,421.65 | $180,000<br><br>(from broker) | None | Property titled in the name of Lupe Jr.<br><br>Ave 2 Ranch consisted of 80 acres of orange trees. It is currently fallow.<br><br>Property is not generating any income.<br><br>Water well broke in October 2023. Pleasant View Water Company Ranch owns 20% of water. Eastern Tule Water Assessment filed a lien for water Debtor used on land 2022-2023.<br><br>*The Property has an annual negative cash flow of $139,285.92. There are no profitable months (monthly loss is $11,607.16). |
| "Ranch 66"<br><br>Ave. 66 Ducor CA<br><br>APN - 323-060-011 & 323-060-012 | VTA Tax Collector<br><br>$13,409.60 | $140,000 for 10 acres. $400,000 for 29 acres<br><br>(from broker) | None | Property titled in the name of Debtor.<br><br>Ranch 66 consists of 40 acres of orange trees. Debtor maintains. Orange harvest will be in January 2026.<br><br>Property is not currently generating any income.<br><br>*Property has a negative annual cash flow of $66,078. Property is modestly profitable from December through May (average under $3,000 per month). Property has a negative cash flow from June through November of around $13,000 per month. |

**C.    Zions Loan Secured by 6770 Wheeler and Cummings Ranch (the "Zions Loan 3")**

Zions holds one cross-collateralized loan against two of Debtor's Properties. This loan is in the amount of $3,797,518.54 pursuant to the most recently received loan statements received by Debtor. The total value of the 6770 Wheeler and Cummings Ranch Properties is $7,900,000; the total equity in these Properties is $3,997,818.09.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "6770 Wheeler"  6770 Wheeler Canyon Rd., Santa Paula  APN - 062-0-031-195 | VTA Tax Collector  $29,326.69 | $2,900,000  (from broker) | Yes | Property titled in the name of Debtor  Property is 73 acres. It consists of one house that Debtor rents to an unrelated third party for $5,000 a month with a six month lease. It also consists of a second house that Debtor uses for its cattle operation, but it is currently looking to rent that to a third party. This Property also houses the cattle, and has a house for sick cattle if some are sick. Property is also used to store vehicles and equipment. There is a 12,000 square-foot metal structure to maintain the vehicles, with a fire and security alarm installed.  Money from Yeisi was used to purchase this Property.  Property generates income from rent. This is detailed in Exhibit "F," discussed below in relation to cash collateral.  *This Property has a negative annual cash flow of $77,374. The profitable months are May, June, and July at $3,300. The non-profitable months are August through May at $9,697 per month. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| "Cummings Ranch" 291 Cummings Rd Santa Paula APN-090-0-060-135 & 090-0-060-065 | VTA Tax Collector $75,336.68 | $5,000,000 (from broker) | None | Property titled in the name of Brayen & Mesa Guzman Revocable Family Trust dated July 24, 2015; Guadalupe and Ofelia Guzman revocable Family Trust Dated July 24, 2015; and Lupe and Carmen Guzman Revocable Family Trust dated July 24, 2015. Property was originally purchased by Yeisi, and it was refinanced to purchase the 6770 Wheeler Property. Property is used as Yeisi and his family's residence. It is 40 acres, with 20 acres planted with avocados. The other 20 acres consists of a 12,000 square foot house and 20,000 square feet of buildings and barns. Debtor and Yeisi share in crop and Debtor and the Partners maintain the crops. No employees are generally used for this Property, instead using Yeisi and his family to maintain it. Debtor believes that the Zions Loan 3 is in the name of Yeisi as to the Cummings Ranch. *This Property is marginally profitable with $3,982.16 as its annual cash flow. The Property was profitable in January and February at $84,500 per month. The negative monthly cash flow averages $15,000 per month. Property does not currently generate any income. |
|---|---|---|---|---|

**D.    CWB Loan Secured by 606 Sespe (the "CWB Loan 1")**

Community West Bank ("CWB") holds one loan against one of Debtor's Properties. This loan is in the amount of $442,798.05 pursuant to the proof of claim filed by CWB. The equity in this Property is $444,701.95.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "606 Sespe"<br><br>APN - 053-0-060-615 | N/A | $875,000<br><br>(from broker) | Yes | Property titled in the name of Debtor.<br><br>Property consists of office space. Debtor currently rents two office spaces to unrelated third parties. Debtor, on occasion, will use this Property as its office space.<br><br>Property generates rental income. This is detailed in Exhibit "F," discussed below in relation to cash collateral.<br><br>CWB has filed a proof of claim in relation to this Property. CWB values the Property at $1,040,000.<br><br>*Property has a negative annual cash flow of $39,264. There are no profitable months. |

**E.**    **CWB Loan Secured by Waters, Ranch 65, Jasmine Ranch, and Bull Ranch (the "CWB Loan 2")**

CWB holds two cross-collateralized loans against four of Debtor's Properties. These loans are in the amounts of $494,684.96 and $1,352,185.35 pursuant to the proofs of claim filed by CWB. The total value of the Waters, Ranch 65, Jasmine Ranch, and Bull Ranch Properties is $4,060,000; the total equity is $1,971,594.08.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Waters" Waters Rd and Stockton Rd APN - 503-0-072-055 | VTA Tax Collector $3,019.43 | $1,350,000 (from broker) | None | Property titled in the name of Debtor. Waters has avocado and lemons. Currently no harvest, but it will generate income in June-August, 2025. Debtor maintains this Property. Debtor has an offer to purchase this Property for $1,500,000. Debtor is currently working with CWB and the broker to work on closing this sale. Property currently generates no income but will in the near future. *The annual profit of $118,764. The profitable months are May, June, and July. There is a negative cash flow August - April of approximately $10,000 per month. |
| "Ranch 65" Hwy 155 and Hwy 65, Delano, CA APN: 051-101-19, 051-101-25, 051-101-44 051-121-31-00-4, 051-121-33-00-0 051-131-22-00-1, 051-131-38-00-8 051-102-19, 051-102-18, 051-102-17 | Kern Tax Collector $202,919 | $1,450,000 (from broker) | Yes | Property titled in the name of Debtor Ranch 65 consists of 100 acres of orange and lemon trees. Debtor maintains. Property is currently generating income from fruit. This is detailed in Exhibit "F," discussed below in relation to cash collateral. Debtor has received a letter indicating that it forfeit its water rights due to the bankruptcy filing. Debtor is currently analyzing the letter and its legal effects. *This Property has annual losses of $201,649. This Property brings in profits under $5,000 per month in February, April, and May. The non-profitable months are June-January and March ranging from $5,000 to $37,000 per month. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| "Jasmine Ranch"<br><br>Hwy 155 and hwy 65. Delano, CA<br><br>APN-051-101-19; 051-101-25; 051-101-44; 051-121-31, 051-121-33; 051-131-22; 051-131-38; 051-102-17; 051-102-18; and, 051-102- | Kern Tax Collector<br><br>$30,710.52 | $630,000<br><br>(from broker) | None | Property titled in the name of Debtor.<br><br>Jasmine Ranch consists of 40 acres of orange trees. Harvest is in November 2025. Debtor maintains this Property.<br><br>Property is not currently generating income but will in the future.<br><br>There is oil on Jasmine Ranch, but Debtor does not own these mineral rights. There are no oil wells on Jasmine Ranch. If oil were to be drilled on Jasmine Ranch, third parties would have the right to build the oil wells and to drill for oil, and then give Debtor 1% of the gross revenue produced by it.<br><br>*The annual losses for this Property are $9,402. The profitable months are December-February with an average monthly profit of $26,700. The non-profitable months average a loss of, at most, $10,000 per month. |
| "Bull Ranch"<br><br>Hwy 155 and Hwy 65. Delano, CA<br><br>APN-051-101-19; 051-101-25; 051-101-44; 051-121-31, 051-121-33; 051-131-22; 051-131-38; 051-102-17; 051-102-18; and, 051-102-19 | Kern Tax Collector<br><br>$4,886.66 | $630,000<br><br>(from broker) | None | Property titled in the name of Guadalupe Guzman, Sr. and Ofelia Guzman; Lupe Jr., and Yeisi Brayen Guzman.<br><br>Bull Ranch consists of 45 acres of oranges. Harvest in November 2025. Debtor maintains this Property.<br><br>Property is not currently generating income but will in the future.<br><br>There is oil on Bull Ranch, but Debtor does not own these mineral rights. Bull Ranch has active oil wells on it. For those oil wells, third parties drill for the oil and take the proceeds. Debtor receives 1% of the gross revenue produced from the wells.<br><br>*This Property has an annual profit of $8,608. The profitable months are December-February. The non-profitable months have losses ranging from $10,568 to $12,168.<br><br>*Debtor anticipates selling or abandoning this Property by July. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**F.**    **Select Portfolio Servicing, Inc. ("SPS") Loan Secured by Oak View (the "SPS Loan 1")**

SPS holds one loan against one of Debtor's Properties. This loan is in the amount of $454,059.07 pursuant to the most recently received loan statements received by Debtor.  The equity in this Property is $1,145,941.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Oak View" 10980 N. Ventura Ave. APN-031-0-160-090 and 031-0-160-135 | N/A | $1,600,000 (from broker) | None | Property titled in the name Lupe Jr. Oak View consists of 6 acres & house. The Property is fallowed. *The Property has a negative annual cash flow of $106,595 and has no profitable months. The Property does not generate income. |

**G.**    **SPS Loan Secured by Piru ("SPS Loan 2")**

SPS holds one loan against one of Debtor's Properties. This loan is in the amount of $162,771.66 pursuant to the most recently received loan statements received by Debtor. The total equity in this Property is $1,734,096.88.

///

///

///

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Piru"<br><br>2830 E Telegraph Rd. Fillmore<br><br>APN - 055-0-180-260 | VTA Tax Collector<br><br>$3,131.46 | $1,900,000<br><br>(from broker) | None | Property titled in the name of Lupe, Jr. and Yeisi.<br><br>Piru consists of 14 acres of avocados and a home. This Property flooded in 2023, which is currently subject of a lawsuit, as indicated above. Estimated dates are approximately $2,500,000-$3,000,000<br><br>Debtor and the Partners share the corp and maintain it together.<br><br>Debtor believes that it did not pay the down payment to purchase this Property, but it has paid the mortgage payments related to it.<br><br>*The Property is overall profitable on an annualized basis in the amount of $41,156.99.<br>The Property has an average negative cash flow of $5,000 per month May through January.  The average monthly cash flow for the months of January-April is $15,000 per month.<br>Property currently has no production of crops and is not generating income, but it will in the future. |

**H.    AgWest Loan Secured by Ranch 25, Ranch 4, Grimes Ranch, Sand Canyon Ranch, and Ranch 10 ("AgWest Loan 1")**

AgWest Farm Credit ("AgWest") holds one cross-collateralized loan against five of Debtor's Properties. This loan is in the amount of $3,381,975.12 pursuant to the most recently received loan statements received by Debtor. The total value of the Ranch 25, Ranch 4, Grimes Ranch, Sand Canyon Ranch, and Ranch 10 Properties is $7,310,000; the total equity in these Properties is $3,699,989.74.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Ranch 25" Kyte and Whistler Rd. APN-060-390-24, 060-390-06 060-390-22, 060-390-26 | Kern Tax Collector $49,192.55 | $2,100,000 (from broker) | Yes | Property titled in the name of Debtor. Ranch 25 consists of 120 acres of oranges. It is currently generating income from fruit. This is detailed in Exhibit "F," discussed below in relation to cash collateral. Debtor maintains this Property. *This Property has an annual loss of $113,968. There are no profitable months (the losses ranch from $10,858 - $49,146 per month). |
| "Ranch 4" Hwy 155 and Hwy 65. Delano, CA APN-051-101-15-00 | Kern Tax Collector $18,472.62 | $1,650,000 (from broker) | None | Property titled in the name of Debtor. Ranch 4 consists of 100 acres of oranges. Currently, only 30 acres contain oranges and 70 acres are fallowed since July 2024. Property is not currently generating income but will have crops in December 2025. There is oil on Ranch 4, but Debtor does not own these mineral rights. Ranch 4 has active oil wells on it. For those oil wells, third parties drill for the oil and take the proceeds. Debtor receives 1% of the gross revenue produced from the wells. *This Property has an annual loss of $46,441. The profitable months are December - February ($22,000 average profit). The non-profitable months have losses ranging from $10,558 to $26,249. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| "Grimes Ranch" Grimes Rd. APN-503-0-060-335 | N/A | $710,000 (from broker) | Yes | Property titled in the name of Guadalupe Guzman, Sr. and Ofelia Guzman. Grimes consists of 20 acres of lemons and will be bellowed after June 1, 2025 due to the expiration of the lease held by an unrelated third party. The lessee has a right to purchase the Property and wants to do so. Debtor is currently looking evaluating how to consummate this sale. Property is currently generating rental income. This is detailed in Exhibit "F," discussed below in relation to cash collateral. *This Property has an annual loss of $26,710. There are no profitable months. |
| "Sand Canyon Ranch" Sand Canyon Rd., Somis, CA APN-110-0-210-190 | VTA Tax Collector $50,139.97 | $1,000,000 (from broker) | None | Property titled in the name of Debtor. Sand Canyon consists of 20 acres of fallowed land. Property is not generating income. *This Property has an annual negative cash flow of $34,254. There are no profitable months (monthly loss of $2,854). |
| "Ranch 10" APN-051-0 10-31-00-5, 051-010-34 -01-3 051-010-43 -00-0, 051-010-44 -00-3 051-010-45 -00-6, 051-010-46 | Kern Tax Collector $110,230 | $1,850,000 (from broker) | None | Property titled in the name of Debtor. Ranch 10 consists of 192 acres of oranges. Property was fallowed in July 2024 due to no power or ability to provide water. Property is not generating income. *This Property has an annual negative cash flow of $53,292. There are no profitable months (monthly losses of $4,441). |

I.    **AgWest Loan Secured by Bardsdale ("AgWest Loan 2")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $838,263.57 pursuant to the most recently received loan statements received by Debtor. The equity in the Bardsdale Property is $1,426,193.37.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Bardsdale"<br><br>1203 S Sespe St., Fillmore<br><br>APN-046-0-201-010 | VTA Tax Collector<br><br>$35,543.06 | $2,300,000<br><br>(from broker) | None | Property titled in the name of Lupe, Jr.<br><br>Bardsdale consists of 18 acres of oranges with a house/office for Debtor.<br><br>Property is not currently generating income but will in July 2025. Debtor maintains this Property.<br><br>Property was purchased in 2004 with a 1031 exchange for sale of Lupe Jr.'s residence.<br><br>*This Property has annual profits of $45,942. The profitable months are July and August. |

### J.    AgWest Loan Secured by Balcom (aka Ranch 1) and Packinghouse ("AgWest Loan 3")

AgWest holds two cross-collateralized loans against two of Debtor's Properties. These loans are in the amount of $4,097,004.40 and $739,902.37 pursuant to the most recently received loan statements received by Debtor.  The total value of the Balcom Ranch and Packinghouse Property is $18,600,000; the equity is $13,416,011.23.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Balcom (aka Ranch 1)"<br><br>9011 W Los Angeles Ave. Moorpark, CA<br><br>APN-503-0-040-120 (130)(140) | VTA Tax Collector<br><br>$255,606 | $8,800,000<br><br>(from broker) | Yes | Property titled in the name of Debtor.<br><br>Balcom consists of 130 acres of lemons. Property is currently generating income from fruit. This is detailed in Exhibit "F," discussed below in relation to cash collateral. Debtor maintains the Property.<br><br>*The annual profit for this Property is $85,886. The profitable months are June through September. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

THIS DOCUMENT PREPARED ON RECYCLED PAPER

| "Packinghouse" | VTA Tax Collector | $9,800,000 | Yes | Property titled in the name of Debtor. |
|---|---|---|---|---|
| 348 A Street Fillmore, CA | $91,476 | | | Packinghouse consists of 9.1 acres, including 220,000 square feet of buildings. The Property is leased to Allied for $62,500 per month, plus maintenance. Debtor also uses the Property for an office and stores equipment on the Property. Debtor maintains this Property. |
| APN-053-0-060 -535 | | | | The Property is generating income from rent. This is detailed in Exhibit "F," discussed below in relation to cash collateral. |
| | | | | *The annual profit from this Property is $76,974. |

**K.      AgWest Loan Secured by LA Ave. ("AgWest Loan 4")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $722,187.97 pursuant to the most recently received loan statements received by Debtor.  The equity in this Property is $1,514,205.32.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "LA Ave." | VTA Tax Collector | $2,300,000 | Yes | Property titled in the name of Debtor. |
| 2107 Los Angeles Ave. | $63,606.71 | (estimated by Debtor) | | LA Ave. consists of 18 acres of oranges and a house. Debtor maintains this Property. |
| APN- 046-0-183- 045 | | | | This Property generates rental income. This is detailed in Exhibit "F," discussed below in relation to cash collateral. |
| | | | | *The annual profit for this Property is $102,224. The profitable months are September and October. |

**L.      AgWest Loan Secured by Ranch 6 ("AgWest Loan 5")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $774,990.73 pursuant to the most recently received loan statements received by Debtor.  There is no equity in this Property. Debtor anticipates selling or abandoning this Property by July.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Ranch 6 (Comanche)"<br><br>APN-177-230-17, 177-230-19, 177-230-20 177-230-21, 177-230-28, 177-230-30 177-230-45, 177-230-46 | Kern Tax Collector<br><br>$853,926.83 | $1,600,000<br><br>(from broker) | Yes | Property titled in the name of Debtor.<br><br>Comanche Ranch consists of 80 acres of oranges. Debtor maintains this Property.<br><br>Property generates income from fruit. This is detailed in Exhibit "F," discussed below in relation to cash collateral.<br><br>*This Property has an annual profit of $207 and has a negative monthly cash flow of approximately $14,000 until December. |

**M.    AgWest Loan Secured by Valestrino ("AgWest Loan 6")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $973,699.32 pursuant to the most recently received loan statements received by Debtor. The Valestrino Property has equity in the amount of $3,147,041.77.

///

///

///

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Valestrino" 4104 Wheeler Canyon APN-062-0-050-045 & 062-0-050-055 | VTA Tax Collector $95,258.91 | $4,216,000 (from broker) | No | Property titled in the name of Lupe and Carmen Guzman Revocable family Trust dated July 24, 2015.<br><br>Property is a cattle ranch and used for cattle grazing. Both Debtor's and the Partner's cattle are housed here. Debtor and the Partners maintain their respective cattle. The ownership of the cattle can be determined from the purchase records and brands on the cattle. The cattle are raised for beef. Employees are only used to drive the cattle to sale.<br><br>This Property has the environmental claim against it as detailed above.<br><br>Property is not currently generating income.<br><br>*The annual profit for this Property is $29,656. The profitable months are May - July; the non-profitable months are August - April (average of $8,100 in losses per month). |

**N.    AgWest Loan Secured by Hampton Ranch ("AgWest Loan 7")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $2,941,216.18 pursuant to the most recently received loan statements received by Debtor. The equity in this Hampton Ranch Property is $2,156,137.82.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Hampton Ranch"<br><br>3739 Wheeler Canyon Ranch<br><br>APN- 062-0-031-055 062-0-070-055 062-0-070-065 064-0-070-025 038-0-080-015 038-0-080-025 | VTA Tax Collector<br><br>$252,646 | $5,350,000<br><br>(from broker) | Yes | Property titled in the name of Lupe, Jr.<br><br>Property consists of 1,800 acres of a cattle ranch. This Property was destroyed by fire and subject to one of the lawsuits against Southern California Edison.<br><br>Property is also used for Lupe Jr.'s residence, where he resides with his family.  The Property also has residences for two employees; they live there without paying rent but provide various services to assist with the ranch without charge.<br><br>Both Debtor's and the Partner's cattle are housed here. Debtor and the Partners maintain their respective cattle. The ownership of the cattle can be determined from the purchase records and brands on the cattle. The cattle are raised for beef. Employees are only used to drive the cattle to sale. Debtor and the Partners maintain the Property.<br><br>Debtor derives income from Cull's For Cattle. Unmarketable produce needs to be disposed of and it is more expensive to dump the produce than to bring it to Debtor. Thus, the produce is delivered to Debtor as food for the cattle and Debtor receives money for allowing the produce to be dropped off.<br><br>This Property has the environmental claim against it as detailed above.<br><br>Property generates revenue from Cull's for Cattle. This is detailed in Exhibit "F," discussed below in relation to cash collateral.<br><br>*This Property is profitable in June (approximately $182,000). There is a negative cash flow of $125,615 on a yearly basis. |

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**O.    AgWest Loan Secured by Blythe Ranch ("AgWest Loan 8")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $2,254,570.20 pursuant to the most recently received loan statements received by Debtor. The total equity in Blythe Ranch is $2,368,310.23.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Blythe Ranch" <br><br> 10151 Buck Blvd. <br><br> APN- "821-050-0 12 821-050-01 3 821-050-01 4 821-050-01 5 821-050-02 4 821-050-02 5 821-050-02 6 821-050-02 7" | Riverside Tax Collector <br><br> $177,119.57 | $4,800,000 <br><br> (from broker) | No. | Property titled in the name of Lupe, Jr. <br><br> Blythe consists of 350 acres, which was fallowed in July 2024 when Southern California Edison terminated the power. <br><br> *The annual negative cash flow for this Property is $231,233. There are no profitable months (monthly losses total approximately $19,269). The Property does not generate income. |

**P.    AgWest Loan Secured by Sandrini Ranch ("AgWest Loan 9")**

AgWest holds one loan against one of Debtor's Properties. This loan is in the amount of $1,053,817.02 pursuant to the most recently received loan statements received by Debtor. The total equity in the Sandrini Ranch is $1,573,562.92.

///

///

///

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Sandrini Ranch" 5725 Sandrini Rd., Bakersfield, CA APN-445-051-040-00 | Kern Tax Collector $67,620.06 | $2,700,000 (from broker) | None | Property titled in the name of Debtor. Sandrini consists of 98 acres of oranges. Debtor maintains the Property. It is currently not generating income. Oranges will be harvested in December 2025. *This Property has a marginal annual profit of $608. The profitable months are December, January, and February. Losses during non-profitable months range from $31,000 up to $46,000. |

## Q.    Mid Valley Financial ("MVF") Loan Secured by Restaurant ("MVF Loan 1")

MVF holds one loan against one of Debtor's Properties. This loan is in the amount of $399,722.74 pursuant to the most recently received loan statements received by Debtor. The total equity in the Restaurant is $1,415,642.61.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Restaurant" 125 S 10th Street, Santa Paula APN-101-0-214-225 | VTA Tax Collector $84,634.65 | $1,900,000 (from broker) | No | Property titled in the name of Lupe, Jr. and Brayen Guzman. This Property consists of 7000 square feet of commercial building. Debtor made extensive remodels to the Property with the hope of opening a "farm to table" restaurant. When the it was finally completed, the COVID-19 pandemic started and destroyed the ability for the restaurant to open. Debtor spent over $5,000,000 to build the restaurant. *Property has annual negative cash flow of $44,212. Property has no profitable months (monthly losses of $3,684). The Property is not currently generating income. |

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**R.    Faye Servicing Loan Secured by 116/120 Rental Houses ("Faye Servicing Loan 1")**

Fay Servicing holds one loan against one of Debtor's Properties. This loan is in the amount of $420,000 pursuant to the most recently received loan statements received by Debtor. The equity in this Property is $313,088.88.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "116/120 Rental Houses" <br><br> 116/120 S. Ojai St. <br><br> APN-101-0-214-015 | VTA Tax Collector <br><br> $51,911.12 | $785,000 <br><br> (from broker) | Yes | Property titled in the name of Lupe, Jr. <br><br> 116/120 S. Ojai St. is a duplex. Debtor currently has one tenant that is not paying rent and Debtor will seek to evict the tenant. The other tenant is making monthly payments. <br><br> The Property is generating income from rent. This is detailed in Exhibit "F," discussed below in relation to cash collateral. <br><br> *The annual negative cash flow is $26,359. There are no profitable months (monthly losses of $2,196). |

**S.    Sunrise Farms Loan Secured by Westmoreland ("Sunrise Farms Loan 1")**

Sunrise Farms holds one loan against one of Debtor's Properties. This loan is in the amount of $252,019.00 pursuant to the most recently received loan statements received by Debtor. Westmoreland Property has equity in the amount of $147,981.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Westmoreland" <br><br> APN-034-160-021-000 | N/A | $400,000 <br><br> (estimated by Debtor) | None | Property titled in the name of Debtor. <br><br> Property is fallow. <br><br> *The Property has a negative annual cash flow of $46,260. There are no profitable months. The Property does not generate income. |

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**T.** **Mechanics Ranch Loan Secured by 304 Cummings House ("Mechanics Ranch Loan 1")**

Mechanics Ranch holds one loan against one of Debtor's Properties. This loan is in the amount of $1,096,730.51 pursuant to the most recently received loan statements received by Debtor. There is equity in this Property in the amount of $787,865.84.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Cummings House" 304 Cummings Rd., Santa Paula APN-090-0-200-235 | VTA Tax Collector $115,403.65 | $2,000,000 (estimated by Debtor) | None | Property titled in the name of Guadalupe and Ofelia Guzman Revocable Family Trust dated July 24, 2015. Lupe Sr. and Ofelia use this Property as their residence. *There are no projections provided for this Property because Lupe Sr. and Ofelia Guzman pay all expenses related to this Property personally. This Property does not generate any income.–waiting on Lupe to confirm |

**U.** **Unencumbered Properties**

Debtor also has two properties that are not encumbered by voluntary liens.  The equity in these two Properties is $2,450,000.

| Real Property | Other Liens | Property Value | Income Generated | Description of the Property |
|---|---|---|---|---|
| "Ranch 5" Ave. 65 Delano CA APN-051-102-40 (portion) | Kern Tax Collector $32,746.31 | $450,000 (from broker) | No | Property titled in the name of Debtor. Property is has lemon trees. Debtor maintains the Property. There is currently no harvest of lemons. *This Property has an annual negative cash flow of $94,309. There are no profitable months (the losses fluctuate and average around $7,800). The Property is not currently generating any income. |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

| "Feedstore"<br><br>212 N. 12th Street, Santa Paula<br><br>APN-101-0-200-175101-0-172-105; 101-0-172-115 | VTA Tax Collector<br><br>$12,326.69 | $2,000,000 | No | Property titled in the name of Debtor.<br><br>Property is vacant.<br><br>Property was purchased using Ofelia's inheritance from her father.<br><br>*There is an annual negative cash flow of $28,200 (monthly losses of $2,350). The Property is not generating any income. |

## XII.    CASH COLLATERAL

Debtor was informed by prior counsel that its business should and would operate as normal during this Bankruptcy Case and did not inform Debtor of anything related to cash collateral. Debtor was unaware of even the term cash collateral until it retained new counsel. Consequently, prior to retention of new counsel, Debtor has been using cash collateral without Court authority.

As indicated in the prior Status Report, Debtor has determined the scope of the use of cash collateral and details it for the Court. Attached to the prior Status Report, filed on May 16, 2025, as Exhibit "J", are spreadsheets showing the income generated by each Property, the source of the revenue, and whether Debtor believes the income is cash collateral or not.[2] As indicated, much of the income generated is cash collateral, but all of it is not.

Since the last Status Report, Debtor has evaluated the issues surrounding the cash collateral. There appears to be two sources of income, rental income and crops, that are cash collateral. For the crops, as indicated in Debtor's prior Status Report, the only entity with a perfected interest in the crops is the EDD. Debtor's counsel has reached out to the EDD to inquire as to the amount of the EDD's lien; its asserted lien is approximately $99,619.87. Debtor intends to pay this entire claim in full, using assets of Lupe Jr., so that Debtor's income from its crops and cattle will no longer be encumbered by any liens. This will give Debtor the cash it needs to operate and run its business without need for further Court-approval. Based on Debtor's communications with the EDD, Debtor believes the EDD will stipulate to such relief.

---

[2]    This spreadsheet is also attached hereto, for reference, as Exhibit "F."

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    Until the claim of the EDD is paid, Debtor is significantly limiting its use of cash and has only

2    paid payroll since the retention of new counsel. Debtor believes it has sufficient income from non-cash

3    collateral sources to pay these amounts.  Further, Debtor has sufficient stores of fuel for the time being

4    to keep the Properties watered and/or third parties will pay for additional fuel if this issue is not resolved

5    by that time.

6    Once the stipulation to pay the EDD is filed and the claim paid, Debtor will be able to use its

7    income generated from crops for its operations.

8    Debtor believes that CWB may assert a lien on the crops generated from Jasmine Ranch, Ranch

9    65, Waters Ranch, and Bull Ranch. To date, the only one of these properties generating income from

10   crops is Ranch 65. To the extent CWB asserts a lien on the crops, Debtor will attempt to resolve the

11   issues related to the use of cash collateral related to Ranch 65 by agreement with the creditor or refund

12   of the cash collateral. Debtor is still determining how to resolve this issue, to the extent CWB asserts

13   a lien on such crops.

14   The remaining cash collateral is cash generated from rents. Debtor has accounted for all such

15   cash collateral in Exhibit "J" to the prior Status Report and Exhibit "F" hereto. Further, Debtor has

16   opened a cash collateral account for each Real Property generating rental income and has segregated

17   the cash collateral, as indicated in Exhibit "F," into each of their respective cash collateral accounts.

18   Attached as Exhibit "G" are the transaction statements evidencing that Debtor has deposited the cash

19   collateral into each of the respective accounts. These funds will be segregated unless and until Debtor

20   receives authority to use these funds.

21   Debtor will deposit all rental income and other cash collateral into their respective cash collateral

22   accounts.

23   Since the revenue generated from crops will soon be available for use, Debtor is determining

24   whether it needs further use of cash collateral generated from rents. As indicated above, Debtor has

25   prepared budgets for each of its Properties for a year period, which are summarized above and attached

26   to this Status Report as Exhibit "E."

27   In the interim, Debtor is limiting all use of funds and is intending to spend only non-cash

28   collateral.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

## XIV.    AMENDING PETITION, SCHEDULES, AND STATEMENT OF FINANCIAL AFFAIRS

As is evident from this Status Report, Debtor will need to make extensive amendments to its Petition, Schedules, and Statement of Financial Affairs. Debtor is in the process of making such amendments, but Debtor wants to make sure such amendments are correct and complete. Debtor hopes to begin these amendments in the near future and is currently in the process of making such amendments. However, the information that will be provided in such amendments is provided in this and the prior Status Reports.

## X.    MOTIONS TO BE FILED

As indicated above, Debtor has diligently been working to bring this case to where it should have been from the beginning. Consequently, Debtor and its counsel understand several motions should be filed, but their filing has been delayed due to time constraints and to ensure all information is correct. Debtor notes that no motions will be filed until the creditor mailing matrix is updated to include all of the correct creditors, since it appears that prior counsel did not include all creditors.

Debtor recognizes that it will need to file a motion to approve the payment of pre-petition payroll (retroactively), employ current counsel, employ other various professionals (as detailed in the prior Status Report), possible cash collateral motions, a stipulation to pay the claim of the EDD, and possibly motions to pay deposits to utility providers. Debtor also intends to bring a motion to sell the Ferrari and possibly one or more of the Real Properties in the very near future. Debtor is aware of the need to bring these motions quickly and will do so as quickly as possible.

## XV.    CONCLUSION

Debtor respectfully requests that the Court consider this Status Report, see that all compliance issues are corrected, and allow Debtor to remain in possession pending the upcoming deadlines.

Respectfully submitted,

HABERBUSH, LLP

Date: May 23, 2025                By, _____/s/ Vanessa M. Haberbush_____
                          VANESSA M. HABERBUSH, Proposed Attorneys for
                          Debtor and Debtor-in-Possession

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

## DECLARATION OF GUADALUPE A. GUZMAN

I, Guadalupe A. Guzman, hereby declare and state:

1.      I am an individual over the age of 18 years and have personal knowledge of the facts stated herein.  If I were called as a witness, I would and could competently testify to the following facts, under penalty of perjury.

2.      I am a general partner of Santa Paula Hay & Grain and Ranches, debtor and debtor-in-possession in the above-captioned case ("Debtor").  I personally participate in and have personal knowledge of all of Debtor's operations, finances, and activities. This declaration is given in support of the Status Report re Status of Compliance in Conformity with the Court's Scheduling Order after Chapter 11 Status Conference (the "Status Report"). Unless otherwise defined, all defined terms used herein have the same meanings as those set forth in the Status Report.

3.      On March 12, 2025, Debtor filed a voluntary petition for relief under the Bankruptcy Code.  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor retained possession of its assets and is authorized to continue the operation and management of its business.

4.      Debtor is a general partnership made of four partners, Guadalupe J. Guzman, Sr. ("Lupe Sr."), Ophelia Guzman ("Ophelia"), Guadalupe A. Guzman, Jr. ("Lupe Jr."), and Yeisi Guzman ("Yeisi") (collectively, the "Partners"). It also operates under the name Foothill Organics.

5.      I have reviewed the Status Report in detail and believe it is true and correct to the best of my knowledge. Rather than repeat all of the Status Report here, I incorporate all of its facts into this Declaration and attest to them.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    6.    I, on behalf of Debtor, have worked with Debtor's attorneys to prepare the Status Report,

2    included but not limited to providing all necessary information and reports to complete the Status

3    Report. I have reviewed the Status Report and all representations made in the Status Report are true and

4    correct. Further, I on behalf of Debtor, believe that the Debtor has made substantial progress and that

5    the Status Report provides the Court with all of the information required by the Court's Order.

6    EXECUTED AT _____Fillmore_____, CALIFORNIA, THIS 23rd DAY OF MAY, 2025.

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9

10    _____
      Guadalupe A. Guzman, Declarant

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF VANESSA M. HABERBUSH

I, Vanessa M. Haberbush, hereby declare and state:

1.     I am an individual over the age of 18 years and have personal knowledge of the facts stated herein.  If I were called as a witness, I would and could competently testify to the following facts, under penalty of perjury.

2.     I am a partner of Haberbush, LLP, the proposed general bankruptcy counsel for Santa Paula Hay & Grain and Ranches, debtor and debtor-in-possession in the above-captioned case. ("Debtor").  Unless otherwise defined, all defined terms used herein have the same meanings as those set forth in the Status Report.

3.     I was first contacted by Debtor on May 6, 2025. Since that time, I have made every effort to assist Debtor with complying with all of the requirements of the Bankruptcy Code and the UST as well as this Court's Order. It is evident from my limited experience with Debtor that Debtor's partners are responsive, responsible, and making every effort to obtain compliance with the strict requirements of the Bankruptcy Code and the UST's requirements. Further, since the status conference hearing on May 7, 2025, Debtor's partners have been diligently working to comply with the Court's Order. Moreover, based on my experience with Debtor it appears that Debtor can and will act with the fiduciary duties required of it. It is becoming more and more apparent to me that Debtor simply did not get the legal advice required for this Bankruptcy Case and that all of the errors are rectifiable.

4.     The Court's Order required Reed Olmstead to return his remaining retainer to Debtor and/or my office. I informed Mr. Olmstead of this requirement on May 7, 2025 via email. When the Order was entered, I again informed Mr. Olmstead of this requirement on May 8, 2025, again via email. On May 9, 2025, I sent a third email, to which I received no response. On May 15, 2025, I sent a fourth email.  In addition to informing Mr. Olmstead of the Court's Order, these emails requested a return of the retainer, an accounting, and the client file. On May 15, 2025, Mr. Olmstead finally responded, saying he would respond ASAP. No other response has been received.

5.     As shown by the Status Report, my office has taken great strides in this case in less than two weeks. This has been onerous and due to the diligent efforts of Debtor. It is apparent that it is due to the failures of Mr. Olmstead that Debtor was not complying with the Bankruptcy Code and such fault

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    should not be attributed to Debtor.

2        6.    Debtor has sent me a number of emails that it had sent to Mr. Olmstead to attempt to

3    correct many of the errors indicated by this Court, including amendments to the schedules, insurance

4    information, and other information. From the docket, it appears this information was never updated or

5    provided to the Court.

6        EXECUTED AT LONG BEACH, CALIFORNIA, THIS 23rd DAY OF MAY, 2025.

7        I declare under penalty of perjury that the foregoing is true and correct.

8

9        By:    /s/   Vanessa M. Haberbush
         Vanessa M. Haberbush, Declarant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802